IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LONNIE WAYNE HOGAN, )<br>ID # 915581, )<br>      Petitioner, )<br>vs. )<br>      )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:07-CV-1140-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his February 20, 2001 conviction in Kaufman County for aggravated assault in Cause No. 19722A. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History**

On February 20, 2001, petitioner pled guilty to aggravated assault, and was sentenced to three years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) He filed no appeal, but filed a state application for writ of habeas corpus. (*Id.* at 3.) On October 11, 2006, the Texas Court of Criminal Appeals dismissed the state application because petitioner had discharged his sentence. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2261109 (accessed June 29, 2007).

The Court received the instant petition on June 26, 2007. Petitioner claims he is being held unlawfully on several grounds. (Pet. at 7-8 and attached pages.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." From a review of the documents filed in this action, it appears that, when petitioner filed his federal petition, he was not in custody on the conviction that he challenges herein. It thus appears that the Court lacks subject matter jurisdiction over this action.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this instance, petitioner challenges a 2001 conviction that resulted in a three-year sentence of incarceration. The Texas Court of Criminal Appeals dismissed his state application filed in 2006 because petitioner had discharged his sentence. It appears that the sentence for peti-

2

tioner's challenged conviction fully expired before he filed the instant federal petition. Petitioner has presented nothing which shows that he is in custody on the 2001 conviction. He has not overcome the presumption that this action lies outside the jurisdictional limits of this Court. Having fully served his sentence for the 2001 conviction, petitioner is no longer "in custody" such that he can challenge that conviction.[1] Consequently, this Court lacks jurisdiction over the instant habeas petition.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

**SIGNED this 30th day of June, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] If petitioner remained in custody on the conviction challenged in this action, the Court would dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner filed it well after the one-year period of limitations expired on his 2001 conviction, and neither statutory nor equitable tolling would save it from being untimely.